UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOSE AGUILAR-AMAYA,

      Petitioner,

v.                                           Civil Action No. 2:20-cv-00497

WILLIAM P. BARR, et al.,

      Respondents.

## REPORT AND RECOMMENDATION

Petitioner Jose Aguilar-Amaya ("Aguilar-Amaya") filed a pro se habeas petition pursuant to 28 U.S.C. § 2241 seeking release from immigration detention pending his removal to El Salvador. Pet. for Writ of Habeas Corpus (ECF No. 1). The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because U.S. Immigration & Customs Enforcement ("ICE") has released Aguilar-Amaya from custody and deported him to El Salvador since the filing of this habeas petition, his request for release is moot. Additionally, Aguilar-Amaya is not entitled to attorney's fees or costs because he was not represented by an attorney. Therefore, the undersigned recommends that the Respondents' Motion to Dismiss be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED.

### I.    STATEMENT OF THE CASE

Aguilar-Amaya filed this petition for writ of habeas corpus on September 21, 2020, seeking relief from detention by ICE pending his deportation to El Salvador. Id. at 10. Aguilar-Amaya's petition seeks release from ICE custody, preliminary and permanent injunctive relief against further detention, and attorney's fees and reasonable costs. Id. at 16.

1

According to the sworn Declaration of Sherese Crawford, ICE Supervisory Detention and Deportation Officer, Aguilar-Amaya was convicted of driving under the influence ("DUI") and violating a protective order. Sherese Crawford Decl. ¶ 6 (ECF No. 7-1, at 3). On September 18, 2013, ICE arrested Aguilar-Amaya and placed him in removal proceedings, but he was released from custody after posting bond. Id. ¶ 7. He was arrested for another DUI in January 2020 and taken again into ICE custody for violating the terms of his release. Id.

On April 24, 2020, an Immigration Judge ordered that Aguilar-Amaya be removed from the United States to El Salvador; a subsequent appeal of this decision was dismissed on October 8, 2020. Id. ¶ 8. On October 22, 2020, ICE issued a Warrant of Removal and Warning to Alien Ordered Removed. Id. ¶ 9. Aguilar-Amaya filed a petition for review and a motion for a stay of removal with the Fourth Circuit. Id. ¶ 10. While considering the motion, the Fourth Circuit entered a temporary stay, which expired on November 10, 2020, but ultimately denied the motion. Id. On November 27, 2020, Aguilar-Amaya was removed from the United States via ICE Air Charter from Alexandria, Louisiana to El Salvador, thus ending his detention. Id. ¶ 11.

Because Aguilar-Amaya was removed from the United States and was no longer subject to ICE detention, Respondents filed a Motion to Dismiss the habeas petition. Resp'ts' Mot. to Dismiss (ECF No. 6, at 1).[1] Aguilar-Amaya has filed no response.

## II. ANALYSIS

**A. Aguilar-Amaya's Claim Under His § 2241 Habeas Petition Is Moot Because ICE Released Aguilar-Amaya from Custody and Deported Him.**

Aguilar-Amaya's release from ICE detention and removal from the United States renders his habeas petition moot. Article III of the U.S. Constitution limits the jurisdiction of federal courts

---

[1] In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(k), Aguilar-Amaya was advised of his right to file opposing affidavits, statements, exhibits, and legal memoranda that support his position, as well as the consequences of failing to oppose Respondents' filings. Resp'ts' Mot. to Dismiss (ECF No. 6).

2

to the adjudication of actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1. Federal court jurisdiction requires an ongoing case or controversy throughout all stages of the proceedings. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). A moot action does not qualify as an "active case or controversy." Watson v. INS, 112 F. Supp. 2d 838, 839 (E.D. Va. 2003) (quoting Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1977)). A case where parties "lack a legally cognizable interest in the outcome" is moot. Powell v. McCormack, 395 U.S. 486, 496 (1969). Further, a case can become moot due to a change in the facts or law. J.W. v. Knight, 452 F. App'x 411, 414 (4th Cir. 2011) (citing Ross v. Reed, 719 F.2d 689, 693-94 (4th Cir. 1983)).

The issue in Aguilar-Amaya's habeas petition is moot due to a change in the facts. Aguilar-Amaya's petition sought release from ICE detention pending removal and an injunction against future detention. As stated above, Aguilar-Amaya was released from ICE custody and deported to El Salvador. Deportation moots a habeas petition which seeks release from custody pending removal. See Mattete v. Louiselle, No. 2:06-cv-652, 2007 WL 3223304, at *2 (E.D. Va. Oct. 26, 2007) (dismissing habeas petition as moot because petitioner had been deported); Atem v. Ashcroft, 312 F. Supp. 2d 792, 796 (E.D. Va. 2004). Aguilar-Amaya's release therefore renders his petition moot.

There are two general exceptions to the mootness doctrine: (1) issues causing "collateral consequences," and (2) issues "capable of repetition, yet evading review." Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Carafas v. Lavallee, 391 U.S. 234, 237 (1968)). Neither of these exceptions apply to Aguilar-Amaya's claim. Because Aguilar-Amaya challenged his pre-removal detention and not the basis for removal itself, his deportation gives rise to no collateral consequences which his petition could address. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding that habeas petition challenging only the length of detention was mooted by

3

petitioner's deportation). Similarly, because Aguilar-Amaya has been removed from the United States, there can be no reasonable expectation that he will be detained by ICE again. See Murphy v. Hunt, 455 U.S. 478, 482 (1982) (defining "capable of repetition" as a reasonable expectation of complaint recurrence). Because neither of the mootness doctrine exceptions apply, Aguilar-Amaya's habeas petition is moot.

**B.  Aguilar-Amaya Is Not Entitled to Attorney's Fees or Costs**

In his habeas petition, Aguilar-Amaya requested attorney's fees and costs. Under the Equal Access to Justice Act ("EAJA"), a litigant is entitled to attorney's fees and costs if: (1) he is the prevailing party; (2) the government fails to show that its position was substantially justified or that special circumstances make an award unjust; and (3) the requested fees and costs are reasonable. Perez-Arellano v. Smith, 279 F.3d 791, 793 (9th Cir. 2002) (citing 28 U.S.C. § 2412(d)(1)(A) (2005)); see also Jacobs v. Colvin, 107 F. Supp. 3d 494, 498 (E.D. Va. 2014). However, a pro se litigant may not recover attorney's fees under the EAJA. Kooritzky v. Herman, 178 F.3d 1315, 1319 (D.C. Cir., 1999); SEC v. Price Waterhouse, 41 F.3d 805, 808 (2d Cir. 1994). Although Aguilar-Amaya is no longer in the custody of ICE, the relief sought in his habeas petition, he is not entitled to the reimbursement for attorney's fees and costs that he requested, because he proceeded in this petition without an attorney. See Cummiskey v. Commissioner, No. PJM 11-956, 2012 U.S. Dist. LEXIS 57174, at *14 (D. Md. Apr. 23, 2012) ("It is well-settled that a pro se litigant who has not engaged an attorney is not entitled to attorneys' fees pursuant to the EAJA." (citations omitted)).

### III. RECOMMENDATION

Because Aguilar-Amaya has been released from ICE custody and deported to El Salvador, there remains no active case or controversy and his petition is moot. Additionally, attorney's fees

4

and costs are not available because Aguilar-Amaya proceeded as a pro se petitioner. Accordingly, the undersigned recommends that the Respondents' Motion to Dismiss be GRANTED and that Aguilar-Amaya's Petition for Writ of Habeas Corpus under 28 U.S.C § 2241 be DENIED and DISMISSED as moot.

## IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ 
Douglas E. Miller
United States Magistrate Jud'

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

March 9, 2021